Filed 7/1/25  P. v. Mitts CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F086887 |
| Plaintiff and Respondent, | (Super. Ct. No. 1417651) |
| v. | |
| JASON EDWARD MITTS, | **OPINION** |
| Defendant and Appellant. | |

<u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Stanislaus County.  Dawna Reeves, Judge.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez, Kari Ricci Mueller, Amanda D. Cary, and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Franson, Acting P. J., Peña, J. and Fain, J.†

†       Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**INTRODUCTION**

In 2011, appellant and defendant Jason Edward Mitts was sentenced to 29 years in prison after pleading no contest to three counts of robbery, admitting one firearm enhancement, one prior strike conviction, one out-on-bail enhancement, and three prior prison terms.  On September 7, 2023, defendant was resentenced pursuant to Penal Code section 1172.75.[2]  The trial court struck defendant's three prior prison terms and stayed the punishment on the out-on-bail enhancement for a new term of 24 years in prison.

Defendant filed this appeal contending the trial court (1) erred by failing to dismiss all the enhancements, or all but one of the enhancements, under section 1385, subdivision (c)(2), which he argues requires mandatory dismissal; and (2) erred by reimposing the upper term on count 1.  We conclude the court did not abuse its discretion in resentencing defendant, nor did it err when it reimposed the upper term on count 1, and affirm the judgment.

**PROCEDURAL SUMMARY**

On May 5, 2011, in case No. 1417651, defendant pled no contest to three counts of robbery (§ 211; counts 1–3).  He also admitted one personal use of a firearm enhancement (§ 12022.53, subd. (b)), one prior strike conviction (§ 667, subd. (d)), three prior prison terms (§ 667.5, subd. (b)), and one out-on-bail enhancement (§ 12022.1).  The remaining counts charging defendant with possession of a dangerous weapon (§ 12020, subd. (a)(1); count 4); being a felon in possession of a firearm (§ 12021, subd. (a)(1); count 5); and possession of ammunition by a person prohibited from possession of a firearm (§ 12316, subd. (b)(1); count 6) were dismissed.

On May 5, 2011, in accordance with the plea agreement, defendant was sentenced to the upper term of five years on count 1, doubled to 10 years pursuant to section 667, subdivision (e)(1), plus two years each for counts 2 and 3.  The trial court imposed an

---

[2]     Hereinafter, all undesignated statutory references are to the Penal Code.

additional 10 years for the firearm enhancement (§ 12022.53, subd. (b)) and two years for the out-on-bail enhancement (§ 12022.1). Defendant was also sentenced to one year for each of his three prior prison term enhancements (§ 667.5, subd. (b)). Defendant's total term was 29 years in state prison.[3]

On or around June 16, 2022, the Department of Corrections and Rehabilitation (CDCR) identified defendant as an individual with a now-invalid section 667.5, subdivision (b) enhancement. On August 10, 2022, defendant filed a resentencing brief requesting that the trial court strike his firearm enhancement, resentence him to the lower term for his robbery convictions, and vacate his prior strike conviction. On April 27, 2023, the district attorney filed a response to defendant's resentencing brief.

On September 7, 2023, the trial court resentenced defendant by striking his three prior prison term enhancements and staying his out-on-bail enhancement. Defendant's sentence in this case was reduced from 29 to 24 years.[4]

Defendant filed a timely notice of appeal.

## FACTUAL SUMMARY

The facts of the underlying case are irrelevant to the issues raised in this appeal and therefore, a factual summary is intentionally omitted.

---

[3] At this hearing, defendant was also sentenced on two other cases (case Nos. 1417993, 1400722) for a total term of 33 years in state prison. Case No. 1412132 was dismissed in its entirety as part of defendant's plea agreement.

[4] Defendant's sentence in case Nos. 1417993, 1400722 and 1412132 was not subject to resentencing. However, defendant's total term in all cases was reduced from 33 to 28 years in state prison.

## DISCUSSION

**The Trial Court Did Not Abuse its Discretion in Declining to Dismiss Defendant's Strike Prior Conviction and Firearm Enhancement Under Section 1385, Subdivision (c)(2)(B) and (C)**

Defendant claims the trial court erred in declining to dismiss his prior strike conviction and firearm enhancement under section 1385, subdivision (c)(2). He claims the court was "required" to dismiss all but one enhancement on the basis that the strike conviction should be considered an enhancement, multiple enhancements were applied to his sentence, and the application of the enhancements could result in a sentence of greater than 20 years. The People disagree and argue defendant's claim is forfeited for failure to raise it below, that section 1385 is inapplicable to defendant's sentence "because a strike prior conviction is not an enhancement, so only one enhancement was imposed[,]" section 1385, subdivision (c)(2) is discretionary, not mandatory, and the court did not abuse its discretion. We conclude the prior strike conviction is not an enhancement for purposes of section 1385, subdivision (c)(2), the court was not required to dismiss the prior strike conviction or the firearm enhancement, and the court did not abuse its discretion in declining to do so.

### Relevant Factual and Procedural Background

Defendant's May 5, 2011 sentence included three prior prison term enhancements under section 667.5, subdivision (b)(1). Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

Subsequently, defendant became eligible for resentencing under section 1172.75. On September 7, 2023, the trial court recalled defendant's sentence and held a resentencing hearing. At the resentencing hearing, the court indicated it had read the parties' sentencing briefs, reviewed the exhibits, and heard from a victim of one of the

robberies. The court noted defendant had three now-invalid section 667.5, subdivision (b) priors which the court should vacate.

The district attorney noted that defendant had committed multiple robberies with firearms while out on bail, and argued he was a danger to public safety. The district attorney asked that defendant not be resentenced beyond striking the now-invalid priors.

Defense counsel asked the trial court to stay defendant's 10-year firearm enhancement and impose the middle term for the robbery conviction in count 1. Defense counsel acknowledged defendant's "extensive criminal history prior to this offense," but noted defendant had been in custody for more than 12 years and had worked "very hard to address the issues which led to his criminality before his incarceration" such as his drug and alcohol problems and lack of education. Defense counsel asked the court to strike and stay the firearm enhancement, and argued the court was required to resentence him to the middle term on count 1 since defendant did not stipulate to any aggravating factors and none were proven or found true by a jury.

The trial court recalled defendant's sentence, and commented:

> "I'm declining to strike the [section] 667[, subdivision ](d) strike prior. I have considered [defendant's] age, his conduct in custody, his discipline record, his efforts at rehabilitation. I recognize that he had a slow start towards his efforts towards rehabilitation but his ongoing participation in—I'm not sure how to pronounce it, COGI, C-O-G-I, programming is commendable.

> "However, it's offset by ongoing disciplinary problems. Some categorized as serious. There ha[s] been no significant change in circumstances, and [defendant] does not appear to this Court to fall outside of the spirit of the [Three Strikes] law.

> "So on those bases I'm declining to strike the [section] 667[, subdivision ](d) prior.

> "I've always considered [defendant's] criminal history, the facts and circumstances of the current offenses, and as I said, he does not appear to go outside of the spirit of the [Three Strikes] law.

"[The court is f]urther declining to strike the gun enhancement. I recognize I have both the authority to strike it or reduce it, but I find it's not in the interest of justice to do so."

The trial court issued the following tentative sentence:

"As to the [section] 12022.1 enhancement for out on bail, I will impose but stay that enhancement. The Court is calculating—on [c]ount [1] I'm going to maintain the aggravated term of five years. The Court feels that [defendant] stipulated to the aggravated term. And in addition[,] he admitted three prior prison commitments that are going to be stricken today but the facts of those admissions remain in the record.

"[California] Rule[s] of Court[, rule] 4.421(b)(2)[5] indicates as an aggravating factor [defendant] has served prior terms of imprisonment. He's admitted three in this case. That is the basis to maintain his agreed upon five-year term.

"My intention is to reduce the $10,000 state restitution fund fine to the minimum of $300 with a parole revocation fine that mirrors that.

"That's the Court's tentative. It comes out to a reduction of 29 to 24 years on case [No. 1417]651."

The trial court then recalled the sentence and resentenced defendant as follows:

"On [c]ount [1] for a violation of … [s]ection 211 [defendant is] sentenced to the aggravated term. The aggravated term is now supported by the fact that he admitted … three prior prison commitments under [section] 667.5[, subdivision ](b). The punishment for those is now invalidated but those admissions remain in the record.

"In addition[, defendant] stipulated to the aggravated term at the time of his sentencing. Because he has admitted a [section] 667[, subdivision ](d) prior that five-year term is doubled to [10 years].

"The Court is declining to strike the [section] 12022.53[, subdivision ](b). That's an additional [10 years] for a total term on [c]ount [1] of 20 years.

"On [c]ount [2] for violation of … [s]ection 211, robbery in the second-degree, [defendant] will be sentenced to one-third of the middle

---

**5**   All further rule references are to the California Rules of Court.

term. The middle term is three years. One-third of that is one year doubled for the strike, two years on [c]ount [2].

"On [c]ount [3] for a violation of … [s]ection 211, he will be sentenced to one-third of the middle term, which is one year, doubled for the strike is two years.

"I will impose the [section] 12022.1 out-on-bail enhancement but stay the punishment. The additional two years will be stayed.

"The [section] 667.5[, subdivision ](b) priors, all three of them, are stricken and the punishment imposed for them is hereby recalled."

**Standard of Review**

A trial court's resentencing order is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847; see *People v. Garcia* (2024) 101 Cal.App.5th 848, 856–857.) A trial court's order denying a motion to dismiss a sentence enhancement is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373–374 (*Carmony*).)

"The proper interpretation of a statute is a question of law we review de novo. [Citations.] ' " ' "As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning." ' " ' [Citation.] ' "[W]e look to 'the entire substance of the statute … in order to determine the scope and purpose of the provision …. [Citation.]' [Citation.] That is, we construe the words in question ' "in context, keeping in mind the nature and obvious purpose of the statute …." [Citation.]' [Citation.] We must harmonize 'the various parts of a statutory enactment … by considering the particular clause or section in the context of the statutory framework as a whole.' " ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 961 (*Lewis*); *People v. Blackburn* (2015) 61 Cal.4th 1113, 1123 (*Blackburn*) ["We review de novo questions of statutory construction."].)

"If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." (*People v. Snook* (1997) 16 Cal.4th

1210, 1215; accord, *Blackburn*, *supra*, 61 Cal.4th at p. 1123 [" 'If no ambiguity appears in the statutory language, we presume that the Legislature meant what it said, and the plain meaning of the statute controls.' "]; *People v. Sallee* (2023) 88 Cal.App.5th 330, 336 (*Sallee*), review granted Apr. 26, 2023, S278690.)

" 'When statutory language is susceptible to more than one reasonable interpretation, courts must (1) select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the statute and (2) avoid an interpretation that would lead to absurd consequences. [Citation.] The apparent intent of the Legislature is determined by reading the ambiguous language in light of the statutory scheme rather than reading it in isolation.' " (*Sallee*, *supra*, 88 Cal.App.5th at p. 336, review granted; *Merced Irrigation Dist. v. Superior Court* (2017) 7 Cal.App.5th 916, 925.) "A court also 'may resort to other interpretive aids, including the statute's legislative history and " ' "the wider historical circumstances of its enactment." ' " [Citation.] Courts may also consider the purpose of the statute, the evils to be remedied, and the public policy sought to be achieved.' " (*Sallee*, at p. 336; *Weiss v. City of Del Mar* (2019) 39 Cal.App.5th 609, 618.)

**Applicable Law**

Effective January 1, 2018, Senate Bill No. 620 (2017–2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2) amended section 12022.53 to provide trial courts with discretion to strike formerly mandatory firearm enhancements. (§ 12022.53, subd. (h); *People v. McDavid* (2024) 15 Cal.5th 1015, 1021.) This statute now states: "The court may, in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing, strike or dismiss an enhancement otherwise required to be imposed by this section." (§ 12022.53, subd. (h).) If the court strikes a section 12022.53 enhancement, then it may impose a lesser included firearm enhancement authorized by another section. (*McDavid*, at pp. 1020–1021.)

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380.) "Effective January 1, 2020, [Senate Bill 136] … amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. (*Burgess*, at p. 380; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) "Enhancements based on prior prison terms served for other offenses became legally invalid. [Citation.] The amendment was to be applied retroactively to all cases not yet final on January 1, 2020." (*Burgess*, at p. 380; *Jennings*, at pp. 681–682.)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) .… This bill sought to make the changes implemented by Senate Bill 136 retroactive. [Citation.] It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code." (*People v. Burgess*, *supra*, 86 Cal.App.5th at p. 380.)

Section 1172.75, states in relevant part as follows:

"(c) Upon receiving the information described in subdivision (b) [the notification from the CDCR that a defendant has a now-invalid prison prior], the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a). If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.

"(d)(1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.

"[(d)](2) The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for

judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.

"[(d)](3) The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subds. (c), (d)(1)–(2).)

If the judgment includes a now-invalid prison prior, "section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402; accord, *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276, review granted Mar. 12, 2024, S283547 [same].) If the court recalls a sentence under section 1172.75, then the court "shall apply 'any other changes in law that reduce sentences' when striking a prison prior." (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568, quoting § 1172.75, subd. (d)(2).) "[W]hen a sentence is subject to recall, 'the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall.' " (*Coddington*, at p. 568, quoting *People v. Buycks* (2018) 5 Cal.5th 857, 893.)

Effective January 1, 2022, Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81) amended section 1385 to specify factors a trial court must consider when deciding whether to strike enhancements in the interest of justice. (§ 1385, subd. (c).) Assembly Bill No. 200 (2021–2022 Reg. Sess.), which took effect June 30, 2022, made minor additional amendments to the statute. (Stats. 2022, ch. 58, § 15.) "Senate Bill 81 amended … section 1385 to guide sentencing courts in deciding whether to dismiss an enhancement." (*People v. McDowell* (2024) 99 Cal.App.5th 1147, 1152–1153 (*McDowell*); accord, *People v. Lipscomb* (2022) 87 Cal.App.5th 9, 16 (*Lipscomb*).)

10.

The current version of section 1385, subdivision (c) now states, in relevant part:

"(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute.

"(2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence … that any of the mitigating circumstances in subparagraphs (A) to (I) are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.…" (§ 1385, subd. (c)(1), (2).)

The relevant mitigating circumstances under subdivision (c)(2) are:

"(B) Multiple enhancements are alleged in a single case. In this instance, all enhancements beyond a single enhancement shall be dismissed.

"(C) The application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed." (§ 1385, subd. (c)(2)(B), (C).)

**Analysis**

**Forfeiture**

The People contend that defendant forfeited his claim under section 1385, subdivision (c)(2)(C) for failure to raise it below. They argue that defendant's failure to make this argument and objection at resentencing forfeits his claim on appeal. (*Carmony*, *supra*, 33 Cal.4th at pp. 375–376; *People v. Scott* (1994) 9 Cal.4th 331, 351–354; *People v. De Soto* (1997) 54 Cal.App.4th 1, 7–8.)

Although defendant did not orally object or raise the subdivision (c)(2)(C) issue at the resentencing hearing, he did invite the trial court, in his resentencing brief, to dismiss the enhancement or strike the prior strike conviction because they result in a sentence over 20 years. (Cf. *Carmony*, *supra*, 33 Cal.4th at p. 376 [issue forfeited where defendant did not invite the court to dismiss under section 1385].) In his brief, defendant contends the following mitigating circumstances are applicable to him: under

11.

section 1385, subdivision (c)(2)(H),[6] defendant's section 667, subdivision (d) enhancement is based on a prior conviction that occurred more than five years before he was sentenced; defendant was not a juvenile, but 22 years old when he committed the burglary (§ 1385, subd. (c)(2)(G)); multiple enhancements were alleged in a single case (§ 1385, subd. (c)(2)(B); and that taken together they added 22 years to defendant's sentence.

Although section 1385, subdivision (c)(2)(C) is not specifically enumerated as the last mitigating circumstance, the argument that multiple enhancements were alleged, which when doubled added over 20 years to the sentence, is listed under subdivision (c)(2)(C)'s mitigating circumstance. As a solution to the enhancements amounting to over 20 years, defendant suggested in his brief the court strike or dismiss the strike and sentence defendant to the lower or middle term. At the resentencing hearing, the court acknowledged it had read and considered the parties' briefs. Therefore, defendant sufficiently raised the section 1385, subdivision (c)(2)(C) issue before the court and it is not forfeited.[7]

**Section 1385, Subdivision (c)(2) Does Not Apply to Prior Strike Convictions Under the Three Strikes Law**

Defendant contends that his prior strike conviction qualifies as an enhancement under section 1385, subdivision (c)(2). The People disagree and argue the Three Strikes law is not an enhancement but an alternate sentencing scheme. We conclude the Three Strikes law is an alternate sentencing scheme and not an enhancement for purposes of section 1385, subdivision (c)(2).

---

[6] Defendant's trial brief erroneously cites to section 1385, subdivision (c)(3)(B), (G), and (H). There are no such subdivisions. We understand defendant to be referring to section 1385, subdivision (c)(2)(B), (G), and (H).

[7] Accordingly, we need not address defendant's alternate claims that an objection would have been futile, the sentence was unauthorized and may be corrected at any time, or his claim of ineffective assistance of counsel.

Appellate courts have consistently rejected claims that the mitigating factors in section 1385, subdivision (c)(2) apply to requests to strike prior strike convictions under the Three Strikes law.  (See *People v. Burke* (2023) 89 Cal.App.5th 237, 244 (*Burke*) ["The plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement"]; accord, *McDowell*, *supra*, 99 Cal.App.5th at pp. 1154–1156 [rejects defendant's claim the Legislature intended to include alternate sentencing schemes under section 1385]; *People v. Dain* (2024) 99 Cal.App.5th 399, 404 (*Dain*), review granted on another issue May 29, 2024, S283924 ["section 1385[, subdivision ](c) does not apply to the decision whether to dismiss a strike under the Three Strikes law"]; *People v. Olay* (2023) 98 Cal.App.5th 60, 67 (*Olay*) [same].)

The Third District Court of Appeal in *Burke* examined both the plain meaning of the statute and legislative history of the statute.  It began by remarking that under section 1385, subdivision (a), the trial court may order an action dismissed, which includes the power to "strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony .…" (*People v. Williams* (1998) 17 Cal.4th 148, 158; *Burke*, *supra*, 89 Cal.App.5th at p. 242.) Senate Bill 81 amended section 1385 to add mitigating factors the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice.  (§ 1385, subd. (c); *Burke*, at p. 243.)  Section 1385, subdivision (c) states that "[n]otwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that *enhancement* is prohibited by any initiative statute."  (*Burke*, at p. 243.)

As *Burke* points out, section 1385, subdivision (c) "expressly applies to the dismissal of an 'enhancement.' "  (*Burke*, *supra*, 89 Cal.App.5th at p. 243.)  "Ordinarily words used in a statute are presumed to be used in accordance with their established legal or technical meaning."  (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1540.)  The term

"enhancement" has a well-established technical meaning in California law.  (*People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 526–527.)  "A sentence enhancement is 'an additional term of imprisonment added to the base term.' "  (*People v. Jefferson* (1999) 21 Cal.4th 86, 101, italics omitted; see *People v. Tirado* (2022) 12 Cal.5th 688, 695, fn. 9; *Burke*, at p. 243; see also rule 4.405(5).)  "It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense."  (*Burke*, at p. 243; *Romero*, at p. 527; *People v. Williams* (2014) 227 Cal.App.4th 733, 744.)

Courts must "presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law." (*Burke*, *supra*, 89 Cal.App.5th at p. 243; see *People v. Atkins* (2001) 25 Cal.4th 76, 89– 90, quoting *People v. Blakeley* (2000) 23 Cal.4th 82, 89 [" '[W]hen the Legislature amends a statute without changing those portions of the statute that have previously been construed by the courts, the Legislature is presumed to have known of and to have acquiesced in the previous judicial construction.' "].)  *Burke* reasoned that because the statutory language is clear and unambiguous, and the Legislature did not otherwise define the word "enhancement" in section 1385, we follow its plain meaning and do not need to consider the legislative history.  (*Burke*, at p. 243; *People v. Canty* (2004) 32 Cal.4th 1266, 1276.)  Since "[t]he plain language of subdivision (c) of section 1385 applies only to an 'enhancement,' and the Three Strikes law is not an enhancement," *Burke* concluded "that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law."  (*Burke*, at p. 244.)

Agreeing with *Burke*, the First District Court of Appeal, Fifth Division in *Olay* concluded section 1385, subdivision (c) does not apply to a prior strike allegation under the Three Strikes law.  (*Olay*, *supra*, 98 Cal.App.5th at pp. 64–65.)  It noted " '[t]he term "enhancement" has a well-established technical meaning in California law' " and " 'that

14.

the Three Strikes law is not an enhancement; it is an alternative sentencing scheme ….' " (*Id.*, at pp. 65–66; *Burke*, *supra*, 89 Cal.App.5th at p. 243.) *Olay* observed it was "skeptical the Legislature would have expressed an intent to reject the well-established legal meaning of 'enhancement' in such a roundabout manner by obliquely referencing 'juvenile adjudications' as one of the relevant mitigating circumstances." (*Olay*, at p. 67.) "If the Legislature had wanted section 1385, subdivision (c) to apply to prior strikes as well as to enhancements as legally defined, it would have said so." (*Olay*, at p. 67.)

Moreover, *Olay* concluded the legislative history confirms the Legislature had no intention to include the Three Strikes law in section 1385, subdivision (c)(2). (*Olay*, *supra*, 98 Cal.App.5th at p. 67.) "The June 2021 bill analysis of Senate Bill 81 by the Assembly Committee on Public Safety distinguished an 'enhancement' from 'an alternative penalty scheme' like the Three Strikes law." (*Olay*, at p. 67; Assem. Com. on Public Safety, Analysis of Sen. Bill 81, as amended Apr. 27, 2021, at pp. 5–6, citing rule 4.405(3); *Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898–899; and *People v. Jefferson*, *supra*, 21 Cal.4th at p. 101.) "After making that distinction, the bill analysis states, in no uncertain terms, that '[t]he presumption created by this bill applies to enhancements … *but does not encompass alternative penalty schemes*.' " (*Olay*, at p. 67; Assem. Com. on Public Safety, Analysis of Sen. Bill 81, *supra*, at p. 6.) *Olay* noted "[a] more unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined." (*Olay*, at p. 67; see *Wendz v. State Dept. of Education* (2023) 93 Cal.App.5th 607, 630 ["Only '[a] clear statement of intent allows a court to reasonably indulge the inference that the individual members of the Legislature may have given at least a little thought to the statement before voting on the bill.' "].)

Additionally, subsequent legislative history "makes no reference whatsoever to the Three Strikes law or any other alternative sentencing scheme." (*Olay*, *supra*, 98 Cal.App.5th at p. 68; see Assem. Com. on Appropriations, Analysis of Sen. Bill 81 as

15.

amended July 1, 2021; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill 81 as amended Aug. 30, 2021, p.1; Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business Analysis of Sen. Bill 81, as amended Aug. 30, 2021.) "Instead, the only enhancement identified in the legislative history after the June 2021 bill analysis falls squarely within the legal definition of enhancement." (*Olay*, at p. 68; see Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of [Senate Bill 81], *supra*, at p. 2 [referencing "a gun enhancement imposed under … [s]ection 12022.53"].) We agree with the reasoning in *Olay* that the legislative history of section 1385, subdivision (c)(2) does not suggest it intended to include strike convictions under the Three Strikes law, and thus, reject defendant's argument that the legislative history supports this interpretation.

Although defendant disagrees with *Burke*, his arguments are unsupported. Defendant incorrectly applies *People v. Mendoza* (2023) 88 Cal.App.5th 287, 296–298 (*Mendoza*), to support his position that "[t]he plain meaning of 'enhancement' when read … 'in the context of the statutory framework as a whole,' supports a finding that a prior strike constitutes an enhancement under the statute." The limited issue before *Mendoza* was whether the "trial court erred by not dismissing the firearm enhancement" and whether "the plain language of section 1385[, subdivision ](c)(2)(C) required the trial court to dismiss it." (*Mendoza*, at p. 294.) Nowhere in *Mendoza* does it address whether a prior strike conviction constitutes an enhancement under section 1385, subdivision (c)(2). Thus, *Mendoza* is not applicable to this issue.

In his reply brief, defendant misstates *People v. Walker* (2024) 16 Cal.5th 1024 (*Walker*) when he states, "the California Supreme Court declined to address this issue and thus, declined to follow the reasoning of *Burke* and other cases cited by [the People]." In *Walker*, our Supreme Court noted that *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1095 (*Ortiz*), made an assumption that the courts had discretion to dismiss prior strike convictions, but that since *Ortiz*, courts of appeal have concluded that "section 1385,

16.

subdivision (c), by its terms, only applies to enhancements and not the Three Strikes law, which is an alternate sentencing scheme." (*Walker*, at p. 1029, fn. 2.) *Walker* recognized the conflict but explained it could not address this specific issue because it was not before the court. (*Ibid*.; see *Ginns v. Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [a court's "opinion is not authority for a proposition not therein considered"]; *Davidson v. Superior Court* (1999) 70 Cal.App.4th 514, 528 [same].) Thus, contrary to defendant's argument, in declining to address the issue, our Supreme Court did not give an opinion on *Burke*.

We dismiss defendant's argument that section 1385, subdivision (c)(2)(H) indicates the Legislature intended the statue to include prior strike convictions. Defendant points to the subdivision's language that an enhancement will be dismissed when "[t]he enhancement is based on a prior conviction that is over five years old." (§ 1385, subd. (c)(2)(H).) Defendant argues that a prior strike that was based on a conviction over five years old would meet this requirement. First, we note this section could have, but does not, add language to include a "strike" conviction. Further, "requiring a court to treat the fact that a prior strike conviction is over five years old as a mitigating circumstance would conflict with the Three Strikes law itself. Section 667, subdivision (c)(3) … of the Three Strikes law expressly provides, 'The length of time between the prior serious or violent felony conviction and the current felony conviction *shall not* affect the imposition of sentence.' " (*Dain*, *supra*, 99 Cal.App.5th at p. 411, review granted.) We "do not presume the Legislature intended to repeal this provision when it enacted section 1385[, subdivision ](c)(2)(H)." (*Dain*, *supra*, 99 Cal.App.5th at p. 411, review granted; see *Lopez v. Sony Electronics, Inc.* (2018) 5 Cal.5th 627, 637 ["Repeals by implication are disfavored."].) "[U]nder section 667, subdivision (c)(3), the bare fact that a prior strike conviction is over five years old cannot be the basis for dismissing the strike." (*Dain*, at p. 411; see *People v. Strong* (2001) 87 Cal.App.4th 328, 342 [section 667, subdivision (c)(3), "suggests, at a minimum, that remoteness alone

17.

cannot take a defendant outside the spirit of the very law that expressly rejects remoteness as a basis for avoiding the law"].)

Moreover, "section 1385[, subdivision ](c) cannot be construed in a manner that amends the Three Strikes law. This is because the Legislature may only amend the Three Strikes law 'by statute passed in each house by rollcall vote entered in the journal, two-thirds of the membership concurring' (§§ 667, subd. (j), 1170.12, subd. (g); see Cal. Const., art. II, § 10, subd. (c)), but neither Senate Bill 81 (which added section 1385[, subdivision ](c)) nor Assembly Bill [No.] 600 [(2023–2024 Reg. Sess.) (Assembly Bill 600)] (which includes the Legislative declaration defendant relies on) passed by two-thirds of the membership." (*Dain*, *supra*, 99 Cal.App.5th at p. 412, review granted; Sen. Daily J. (Sept. 9. 2021) p. 2553 [Sen. Bill 81]; Assem. Daily J. (Sept. 8, 2021) p. 2941 [Sen. Bill 81]; Sen. Daily J. (Sept. 13, 2023) p. 2704 [Assem. Bill 600]; Assem. Daily J. (Sept. 13. 2023) p. 3470 [Assem. Bill 600].) Therefore, "applying section 1385[, subdivision ](c)(2)(H) to a decision whether to dismiss a strike would unconstitutionally amend the Three Strikes law by taking away section 667[, subdivision ](c)(3)'s provision that '[t]he length of time between the prior [strike] conviction and the current felony conviction shall not affect the imposition of sentence.' " (*Dain*, *supra*, 99 Cal.App.5th at p. 413, review granted; cf. *People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, 985, review granted Mar. 12, 2024, S283305 [rejecting an interpretation of a statute that would result in the unconstitutional repeal of Proposition 36 as to certain inmates].)

Accordingly, we agree with *Burke*, *Olay*, and *Dain* that the plain language of section 1385, subdivision (c) applies only to an "enhancement," and does not include prior convictions within the Three Strikes law. We conclude the statutory language is clear and unambiguous, and we follow its plain meaning. (See *People v. Canty* (2004) 32 Cal.4th 1266, 1276.) We therefore conclude that section 1385, subdivision (c)'s provisions regarding enhancements do not apply to defendant's prior conviction under the Three Strikes law.

Accordingly, we reject defendant's argument that doubling the term of imprisonment under the Three Strikes law acts as an enhancement because it adds an additional term to the base term. We also reject defendant's argument that the language within the Three Strikes law itself shows it is an enhancement. As explained above, it is well settled that the Three Strikes law is an alternative sentencing scheme and not an enhancement. We are bound by our high court's decisions on this matter. (See *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455–456 [decisions of the California Supreme Court are binding].)

Since we conclude defendant's prior strike conviction is not an enhancement, section 1385, subdivision (c)(2) does not apply to his prior strike conviction, and we need not consider defendant's argument that the trial court was required to weigh the mitigating circumstances under subdivision (c)(2) in deciding whether to dismiss the strike conviction. Indeed, defendant only has one sentence enhancement, which is the firearm enhancement under section 12022.53. Therefore, section 1385, subdivision (c)(2)(B), pertaining to multiple enhancements, is also inapplicable to defendant's sentence.[8]

**The Trial Court Did Not Abuse its Discretion**

Defendant contends that even if the strike conviction is not an enhancement for purposes of section 1385, subdivision (c)(2), the trial court was mandated to strike the firearm enhancement, which resulted in a sentence of over 20 years. (See § 1385, subd. (c)(2)(C).) We disagree.

Section 1385, subdivision (c)(2)(C) states, "[t]he application of an enhancement could result in a sentence of over 20 years. In this instance, the enhancement shall be dismissed." Defendant argues that the plain language of section 1385 subdivision (c)(2)(C) requires mandatory dismissal of the firearm enhancement.

---

[8] Consequently, we need not consider defendant's argument that section 1385, subdivision (c)(2)(B) requires mandatory dismissal.

19.

Defendant contends the language of section 1385, subdivision (c)(2) uses the phrase "shall be dismissed" which he argues courts interpret to mean "mandatory." (See *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 443 [courts ordinarily construe " 'may' as permissive and 'shall' as mandatory"].)

Defendant offers no authority in support of his proposition that section 1385, subdivision (c)(2)(C) mandates dismissal of the enhancement. Instead, defendant concedes that every published case addressing this issue has held that trial courts retain discretion to dismiss enhancements under section 1385, notwithstanding the "shall be dismissed" language in subdivision (c)(2)(B) and (C). (See *People v. Mazur* (2023) 97 Cal.App.5th 438, 444, review dismissed Oct. 23, 2024, S283229 [courts have consistently rejected the mandatory dismissal argument in construing the "shall be dismissed" language of § 1385, subd. (c)(2)(B) and (C)]; *Mendoza*, *supra*, 88 Cal.App.5th at p. 297 [court not required to dismiss an enhancement under § 1385, subd. (c)(2)(C) if it would endanger public safety]; *People v. Anderson* (2023) 88 Cal.App.5th 233, 241 (*Anderson*), review dismissed Oct. 23, 2024, S278786 [the "shall be dismissed" language in § 1385 is conditional on finding dismissal of the enhancement is in the interest of justice]; *Ortiz*, *supra*, 87 Cal.App.5th at p. 1098; *Lipscomb*, *supra*, 87 Cal.App.5th at pp. 15–21 [rejecting argument that "shall be dismissed" language in § 1385, subd. (c)(2)(C) makes dismissal mandatory].)

This court previously addressed a claim that section 1385, subdivision (c)(2)(B) mandates dismissal of an enhancement in *People v. Cota* (2023) 97 Cal.App.5th 318, 333–335 (*Cota*). In *Cota*, we adopted the reasoning of *Anderson*, which explained that " '[i]f we were to read section 1385, subdivision (c)(2)(B) and (C), in isolation, then [the defendant's] argument would appear correct—use of the term "shall" in a statute is generally mandatory, not permissive. However, "we are not permitted to pluck this phrase out of its placement in the statute and consider it in isolation; instead, we are required to consider where it fits into the ' " 'context of the statute as a whole.' " ' " ' "

(*Cota*, at pp. 335–336; see *Anderson*, *supra*, 88 Cal.App.5th at pp. 239–240.) " '[T]he statement that a court "shall" dismiss certain enhancements appears as a subpart to the general provision that a "court shall dismiss an enhancement *if* it is in the furtherance of justice to do so." [Citation.] In other words, the dismissal of the enhancement is conditioned on a court's finding dismissal is in the interest of justice. The nature of this condition is further explained by the Legislature's directive that the court, while "exercising its discretion under this subdivision, … shall consider and afford great weight" to evidence of certain factors, and proof of one of the factors "weighs greatly" in favor of dismissal "unless" the court finds dismissal would endanger public safety.' " (*Cota*, at p. 336.) Thus, " '[t]his language, taken together, explicitly and unambiguously establishes: the trial court has discretion to dismiss sentencing enhancements; certain circumstances weigh greatly in favor of dismissal; and a finding of danger to public safety can overcome the circumstances in favor of dismissal.' " (*Ibid*.)

" 'It is within these boundaries that section 1385 states the court "shall" dismiss all but one enhancement and/or enhancements resulting in a sentence of more than 20 years. The dismissal *shall* occur but only *if*, in exercising its discretion and giving great weight to certain factors, the court finds dismissal is in the interests of justice or would not endanger public safety.… [I]f we were to read [section 1385,] subdivision (c)(2)(B) and (C) as mandatory, then the existence of those factors "would not 'weigh greatly' in favor of dismissal—it would weigh *dispositively*." ' " (*Cota*, *supra*, 97 Cal.App.5th at p. 336; *Anderson*, *supra*, 88 Cal.App.5th at pp. 239–240; accord, *Lipscomb*, *supra*, 87 Cal.App.5th at p. 18 [§ 1385, subd. (c)(2)(C) sets forth a mitigating circumstance for the court to consider in the exercise of its discretion, but which does not apply at all where the court finds that striking the enhancement would endanger public safety].)

"Moreover, interpreting section 1385, subdivision (c)(2)(B) as mandatory would give 'no effect to the clause "unless the court finds that dismissal of the enhancement would endanger public safety." ' " (*Cota*, *supra*, 97 Cal.App.5th at p. 337; *Mendoza*,

*supra*, 88 Cal.App.5th at p. 296.) Interpretation of the statute mandating dismissal would require a court to dismiss an enhancement even when doing so would endanger public safety. (*Cota*, at p. 337; *Mendoza*, at p. 296.) "Canons of statutory interpretation require us to reject this interpretation, inasmuch as it would render portions of the statute surplusage and would lead to an absurd result." (*Cota*, at p. 337.) Following our reasoning in *Cota*, we conclude that since the plain language of section 1385, subdivision (c), as a whole, presents no ambiguity, the phrase "shall be dismissed" as used in section 1385, subdivision (c)(2)(C) is not mandatory and does not require dismissal of any enhancement when doing so would endanger public safety. (See *Cota*, at p. 337.)

We also note that legislative history supports the conclusion that section 1385, subdivision (c)(2)(C) does not mandate dismissal. As explained in *Anderson*, " '[t]he initial drafts of the bill stated, "There shall be a presumption that it is in the furtherance of justice to dismiss an enhancement upon a finding that any of the circumstances in subparagraphs (A) to (I), inclusive, are true. This presumption shall only be overcome by a showing of clear and convincing evidence that dismissal of the enhancement would endanger public safety." (Sen. Amend. to [Sen. Bill 81] Apr. 27, 2021.) However, the Assembly removed the presumption requiring clear and convincing evidence to overcome, replacing it with the more flexible discretionary language that now appears in section 1385, subdivision (c)(2). (See Assem. Amend. to [Sen. Bill 81] Aug. 30, 2021.)' " (*Cota*, *supra*, 97 Cal.App.5th at p. 337.) Thus, the Legislature removed the presumption in favor of dismissal, which "supports our conclusion that a trial court is not required to dismiss all but one enhancement or an enhancement that could result in a sentence of more than 20 years, but rather that the trial court has discretion in deciding whether to do so." (*Id.*, at p. 338; *Anderson*, *supra*, 88 Cal.App.5th at pp. 240–241.)

Subsequent to *Cota*, our Supreme Court rejected an interpretation that section 1385, subdivision (c)(1) and (2)'s " 'provisions … dictate that trial courts are to

22.

rebuttably presume that dismissal of an enhancement is in the furtherance of justice (and that its dismissal is required) *unless* the court makes a finding that the resultingly shorter sentence due to dismissal "would endanger public safety." ' " (*Walker*, *supra*, 16 Cal.5th at p. 1032; *People v. Walker*, *supra*, 86 Cal.App.5th at p. 398.)  The *Walker* court concluded, in applying section 1385, subdivision (c), "absent a finding that dismissal would endanger public safety, a court retains the discretion to impose or dismiss enhancements provided that it assigns significant value to the enumerated mitigating circumstances when they are present.  [Citation.]  In other words, if the court does not find that dismissal would endanger public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, at p. 1029.)

"[N]otwithstanding the presence of a mitigating circumstance, trial courts retain their discretion to impose an enhancement based on circumstances 'long deemed essential to the "furtherance of justice" inquiry.' " (*Walker*, *supra*, 16 Cal.5th at p. 1033; *Ortiz*, *supra*, 87 Cal.App.5th at p. 1099; see also rules 4.421 (circumstances in aggravation), 4.423 (circumstances in mitigation); Advisory Com. com., rule 4.428 ["Case law suggests that in determining the 'furtherance of justice' the court should consider … the factors in aggravation and mitigation including the specific factors in mitigation of section 1385[, subdivision ](c); and the factors that would motivate a 'reasonable judge' in the exercise of their discretion"].)  "Thus, the plain language of section 1385, subdivision (c)(2) does not erect a rebuttable presumption in favor of dismissal that can only be overcome by a finding that dismissal endangers public safety." (*Walker*, at p. 1033; *Mendoza*, supra, 88 Cal.App.5th at p. 297, fn. 6.)

Accordingly, the trial court's decision not to dismiss an enhancement under section 1385, subdivision (c) is reviewed for abuse of discretion.  (See *Walker*, supra, 16

Cal.5th at pp. 1033–1034; *Cota*, *supra*, 97 Cal.App.5th at p. 340; *Mendoza*, *supra*, 88 Cal.App.5th at p. 298.) " 'In exercising its discretion under this subdivision, the court shall consider and afford great weight *to evidence offered by the defendant to prove that any of the mitigating circumstances … are present*' " refers to " 'the trial court's evaluation of the defendant's evidence in the first instance.' " (*Walker*, at p. 1034; *Ortiz*, *supra*, 87 Cal.App.5th at p. 1098.) *Walker* agreed with *Ortiz* in that "section 1385, subdivision (c)(2)'s mandate to give 'great weight' to enumerated mitigating circumstances requires a sentencing court to 'engage[] in a holistic balancing with *special emphasis* on the enumerated mitigating factors.' " (*Walker*, at pp. 1034–1035; *Ortiz*, at p. 1096.) "[I]f the court does not conclude that dismissal would endanger public safety, then mitigating circumstances strongly favor dismissing the enhancement. But ultimately, the court must determine whether dismissal is in furtherance of justice. This means that, absent a danger to public safety, the presence of an enumerated mitigating circumstance will generally result in the dismissal of an enhancement unless the sentencing court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in furtherance of justice.' " (*Walker*, at p. 1036; *Ortiz*, at p. 1098.) "[Senate Bill 81]'s addition of a list of nine mitigating factors to section 1385, subdivision (c)(2)(A)–(I) … provides explicit guidance to sentencing courts that did not previously exist." (*Walker*, at p. 1037.)

Here, the trial court recognized its discretion to strike or reduce defendant's firearm enhancement but expressly stated that it was not in the interest of justice to do so. In making its determination, the court engaged in the holistic balancing discussed by *Ortiz* and endorsed by *Walker*. (See *Walker*, *supra*, 16 Cal.5th at p. 1036; *Ortiz*, *supra*, 87 Cal.App.5th at p. 1096.) The court considered defendant's age, conduct in custody, his discipline record, and efforts at rehabilitation. (See *Ortiz*, at p. 1097 [court should consider defendant's background, character, and prospects].) The court heard arguments

from both parties regarding defendant's criminal background, drug usage, prison behavior, and the circumstances of the underlying crimes in this case. Defendant argued that he had been clean from drugs for approximately 10 years and had positive prison behavior, including obtaining his GED and attending college programs. Despite defendant's contention that he had positive prison behavior, the district attorney presented extensive evidence that his prison behavior had not actually been positive. Defendant had incurred several rules violations and negative counseling, including, but not limited to, possession of inmate-manufactured alcohol, disobeying direct orders, misuse of state property, and possessing contraband. Although defendant was obtaining his GED and attending college courses, he was also actively and repeatedly breaking prison rules.

The record shows the trial court was aware of its sentencing discretion under section 1385, subdivision (c)(2) but that it found "substantial, credible evidence of countervailing factors" that neutralized the applicable mitigating factors. (See *Walker*, *supra*, 16 Cal.5th at pp. 1029, 1036, 1038.) The People argued that defendant was a danger to public safety based on his criminal record, that he committed multiple robberies with firearms, committed the crimes while out on bail, and was located with a shotgun in his trunk. Thus, the record supports the court's finding that dismissal would endanger public safety and that " 'dismissal of the enhancement is not in furtherance of justice.' " (See *Walker*, at p. 1038; *Ortiz*, *supra*, 87 Cal.App.5th at p. 1098.)

Moreover, as the People point out, the "trial court did exercise some additional discretion" and stay defendant's two-year out-on-bail enhancement. This shows the trial court weighed any mitigating circumstances with other sentencing considerations. However, it concluded "that any further reduction beyond striking [defendant's] now-invalid prior prison terms and staying his two-year out-on-bail enhancement would not be in the furtherance of justice."

Accordingly, defendant fails to meet his burden of demonstrating the trial court's sentencing decision was irrational or arbitrary or that no reasonable person would agree.

(See *Carmony*, *supra*, 33 Cal.4th at pp. 376–377.) Absent such evidence, we presume the court achieved legitimate sentencing objectives and conclude the court did not abuse its discretion in declining to dismiss the firearm enhancement under section 1385, subdivision (c)(2)(C). Additionally, because the court did not abuse its discretion, defendant's due process rights were not violated.

We reject defendant's claim that the trial court did not give specific reasons for not striking the firearm enhancement. As discussed above, the court gave several reasons for its sentencing decision. Defendant complains that the court "did not even mention any of the three applicable enumerated mitigating circumstances, when discussing whether or not it would dismiss the gun enhancement or prior strike." First, defendant forfeits this claim by not objecting on this basis at sentencing. "[T]he waiver doctrine [applies] to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices." (*People v. Scott*, *supra*, 9 Cal.4th at p. 353.) Second, defendant does not specify in this sentence or paragraph of his brief which three mitigating circumstances he believes apply. In the subsequent paragraph, defendant lists subdivision (c)(2)(B), (C) and (H) as "the three section 1385, subdivision (c) factors." Assuming these are the same three mitigating factors, the multiple enhancement circumstance under section 1385, subdivision (c)(2)(B) does not apply since defendant's sentence only has one enhancement. Nor does section 1385, subdivision (c)(2)(H) apply, since the firearm enhancement is not based on a prior conviction. That leaves only subdivision (c)(2)(C) of section 1385, which states "[t]he application of an enhancement could result in a sentence of over 20 years.…" As explained *ante*, because of evidence that dismissal would endanger public safety, it neutralizes any mitigating circumstance and supports the court's decision that "dismissal of the enhancement [was] not in furtherance of justice." (See *Walker*, *supra*, 16 Cal.5th at p. 1038; *Ortiz*, *supra*, 87 Cal.App.5th at p. 1098.)

We also reject defendant's argument that the trial court abused its discretion in declining to strike his prior strike conviction. When deciding whether to strike defendant's prior strike conviction, the trial court stated it considered defendant's age, his conduct in custody, his discipline record, and his efforts at rehabilitation. The court acknowledged defendant's slow start towards rehabilitation, but commended his ongoing participation in "COGI." Defendant's efforts, though, were offset by ongoing disciplinary problems, some of which were "categorized as serious." The court declined to strike the strike conviction, finding no significant change in circumstances and that, after considering defendant's criminal history, and the facts and circumstances of the offenses, defendant did not fall outside the spirit of the Three Strikes law. Defendant fails to demonstrate the court abused its discretion by not striking the strike conviction, conceding that the court "analyzed the question of whether to dismiss the prior strike under the traditional 'outside the spirit' test." Defendant's complaint that the court did not balance the aggravating factors against any of the section 1385, subdivision (c) mitigating factors fails on the conclusion that section 1385, subdivision (c)(2) does not apply to defendant's prior strike convictions.

**The Trial Court Did Not Err When it Reimposed the Upper Term on Count 1**

Defendant contends the trial court erred when it reimposed the upper term on count 1, in violation of section 1170 and Senate Bill No. 567 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567). Defendant contends the court erred by imposing the upper term sentence based on its finding that he stipulated to the aggravated term, pursuant to a plea agreement. The People disagree and contend that section 1172.75, subdivision (d)(4) "carves out an exception that allows a trial court to reimpose the upper term without complying with [Senate Bill 567]'s amendments to section 1170, subdivision (b)." We conclude the court did not err when it reimposed the upper term on count 1.

**Relevant Factual and Procedural Background**

Defendant was sentenced to the upper term on count 1, a sentence he agreed to, as part of a plea bargain, on May 5, 2011.  On September 7, 2023, defendant was resentenced, pursuant to section 1172.75, as detailed above, and the trial court reimposed the upper term of five years doubled to 10 years, due to the prior strike, on count 1.  At the resentencing hearing, defense counsel argued for the middle or lower term, arguing that the upper term could not be imposed because defendant "did not stipulate to any aggravating factors and none were proven or found to be true by a jury."

The trial court explained its reasoning for imposing the upper term sentence in count 1, as follows:

> "[O]n [c]ount [1] I'm going to maintain the aggravated term of five years.  The Court feels that [defendant] stipulated to the aggravated term.  And in addition he admitted three prior prison commitments that are going to be stricken today but the facts of those admissions remain in the record.

> "[Rule] 4.421(b)(2) indicates as an aggravating factor the defendant has served prior terms of imprisonment.  He's admitted three in this case.  That is the basis to maintain his agreed upon five-year term."

The court then imposed the upper term on count 1, stating, "The aggravated term is now supported by the fact that [defendant] admitted … three prior prison commitments under [section] 667.5[, subdivision ](b).  The punishment for those is now invalidated but those admissions remain in the record.  [¶]  In addition[,] he stipulated to the aggravated term at the time of his sentencing."

**Applicable Law and Standard of Review**

"We review de novo questions of statutory construction."  (*Blackburn*, *supra*, 61 Cal.4th at p. 1123.)  The trial court's sentencing decision is "review[ed] for abuse of discretion."  (*People v. Sandoval*, *supra*, 41 Cal.4th at p. 847.)

Senate Bill 567, which took effect on January 1, 2022, amended section 1172.75 to make the middle term the presumptive maximum term of imprisonment.  (§ 1170,

subd. (b)(1); § 1172.75, subd. (d)(4); Stats. 2021, ch. 731, § 1.3.) It states, "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1172.75, subd. (d)(4).)

Under amended section 1170, sentencing courts may now impose the upper term only when there are circumstances in aggravation that justify imposition of a term of imprisonment exceeding the middle term, and the facts underlying the aggravating circumstances have been stipulated to by the defendant or are found true beyond a reasonable doubt by a jury or a trial court. (§ 1170, subd. (b)(1), (2).) In reaching its sentencing decision, a court may consider prior convictions based on certified records of conviction without first submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).) Rule 4.421(b) lists circumstances in aggravation that a court could rely on to impose the upper term, including that "[t]he defendant has served a prior term in prison or county jail under section 1170[, subdivision ](h)." (Rule 4.421(b)(3).)

**Analysis**

Section 1172.75 "carves out an exception to the general rule that all ameliorative changes to the law must be applied at a section 1172.75 resentencing and does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed." (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 458 (*Brannon-Thompson*).) In *Brannon-Thompson*, following a negotiated plea agreement, the trial court sentenced the defendant to an aggregate term of 12 years in prison. (*Id*. at p. 462.) The trial court subsequently recalled the defendant's sentence pursuant to section 1172.75, struck his prior prison term enhancement, and resentenced the defendant to 11 years in prison, which included an upper term for the base term. (*Brannon-Thompson,* at pp. 458, 463–464.) On appeal, the defendant argued the trial

29.

court erred in imposing the upper term based on aggravating factors not found true beyond a reasonable doubt or based on a certified record of conviction. (*Id*. at p. 458.) The appellate court affirmed the trial court's ruling and held that section 1172.75, subdivision (d)(4) does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed. (*Brannon-Thompson*, at pp. 458, 466–467.)

Defendant relies on *People v. Gonzalez* (2024) 107 Cal.App.5th 312, which reaches a different conclusion than *Brannon-Thompson*. The *Gonzalez* court acknowledged "that the plain language of section 1172.75, subdivision (d)(4), on its face, could be interpreted as not requiring proof of aggravating factors before reimposing an upper term sentence." (*Gonzalez*, at pp. 328–329.) However, believing *Brannon-Thompson*'s reasoning would violate the Sixth Amendment, the court interpreted the section 1172.75, subdivision (d)(4) exception to mean "a defendant would be eligible for the upper term but could not receive it in the absence of aggravating factors stipulated to by the defendant or proven beyond a reasonable doubt to the trier of fact." (*Gonzalez*, at p. 329.)

We respectfully disagree with *Gonzalez* and follow the reasoning in *Brannon-Thompson*. We conclude subdivision (d)(4) of section 1172.75 creates a clear and unambiguous exception. (§ 1172.75, subd. (d)(4).) Giving the statute's language its plain meaning, "it is evident the Legislature intended the new burden of proof amendments to section 1170, subdivision (b) apply only if the trial court is imposing the upper term for the first time at a section 1172.75 resentencing." (*Brannon-Thompson*, *supra*, 104 Cal.App.5th at pp. 466–467.) Since defendant was resentenced under section 1172.75, subdivision (a), his previously imposed upper term is excluded from the factfinding requirements under section 1170, subdivision (b). (See § 1172.75, subd. (d)(4).)

The First District Court of Appeal recently reasoned in *People v. Mathis* (2025) 111 Cal.App.5th 359 that the Sixth Amendment is not implicated when the upper term was imposed under the previous version of section 1170, subdivision (b), before the middle term was made the presumptive term. Here, defendant's sentence was imposed in 2011, which was under the previous version of section 1170, subdivision (b) that granted the trial court broad discretion to select any of the three applicable prison terms. As explained in *People v. Lynch* (2024) 16 Cal.5th 730, there was no requirement for the judge to find a particular fact to justify imposition of the upper term. (See *id*. at p. 747.) Therefore, reimposing the upper term does not run afoul of the Sixth Amendment.

Even if 1172.75, subdivision (d)(4) does not carve out such an exception, the upper term was part of a plea agreement and not subject to section 1170, subdivision (b)'s requirements. There is a split of authority as to whether section 1170 applies to a negotiated plea agreement with a stipulated sentence at resentencing. (See, e.g., *People v. Todd* (2023) 88 Cal.App.5th 373, 381–382, review granted Apr. 26, 2023, S279154 [concluding that the defendant was entitled to remand following the enactment of Senate Bill 567, despite the fact that his upper term sentence was stipulated]; *People v. Fox* (2023) 90 Cal.App.5th 826, 831 [same]; *People v. De La Rosa Burgara* (2023) 97 Cal.App.5th 1054, 1063, review granted Feb. 21, 2024, S283452 [explaining that our Supreme Court's decision in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) requires retroactive application of Senate Bill 567 to negotiated plea agreements with stipulated sentences]; cf. *People v. Mitchell* (2022) 83 Cal.App.5th 1051, 1057–1059, review granted Dec. 14, 2022, S277314 [defendant not entitled to remand where defendant's negotiated sentence did not implicate any exercise of sentencing discretion by the trial court]; *Sallee*, *supra*, 88 Cal.App.5th at pp. 333–334 [same], review granted.) Presently, several of these cases are pending review before our Supreme Court.

In the interim, we continue to follow our reasoning in *Sallee*. There, we explained that when a trial court "impose[s] a stipulated sentence pursuant to a negotiated plea

agreement," the court's discretion is "limited to approving or rejecting the bargain. The court [does] not exercise discretion to select between the lower, middle, or upper term based on any aggravating or mitigating circumstances." (*Sallee*, *supra*, 88 Cal.App.5th at p. 338, review granted.) "Thus, section 1170, subdivision (b), which governs the court's exercise of discretion with regard to a sentencing triad, does not apply." (*Ibid*.)

In *Sallee*, the defendant entered into a plea agreement pleading no contest to first degree residential burglary and admitting a prior felony strike conviction for eight years in prison. The defendant also entered a *Cruz* waiver that allowed defendant to remain free of custody until his sentencing under the condition he obey all laws and appear for sentencing, or he would receive a sentence of 12 years in prison. (*Sallee*, *supra*, 88 Cal.App.5th at p. 333, review granted.) The defendant failed to appear for sentencing and later, when he was taken into custody, he was sentenced to 12 years in prison. (*Ibid*.) On appeal, this court determined the lower court had not made the proper determination that the defendant's failure to appear was willful and the matter was remanded to the trial court. (*Ibid*.)

On remand, the trial court found the defendant's failure to appear had been willful and reimposed the 12-year sentence. The defendant appealed, contending the record did not support that the failure to appear was willful. (*Sallee*, *supra*, 88 Cal.App.5th at pp. 333–334, review granted.) On appeal, the defendant argued the court erred when it imposed the upper term without relying on aggravating factors pursuant to section 1170, subdivision (b). (*Sallee*, at pp. 337–338.) The People argued the section 1170 amendment did not apply to the defendant's case since he entered into a plea agreement with a stipulated term. (*Sallee*, at p. 334.) This court concluded "the trial court did not exercise discretion with regard to the sentencing triad when it imposed the stipulated sentence set out in the negotiated plea agreement, and thus the amendments to section 1170 brought about by [Senate Bill 567] are inapplicable under the plain language of the statute." (*Sallee*, at p. 338.) " ' " ' "A plea agreement is, in essence, a contract

between the defendant and the prosecutor to which the court consents to be bound." ' " ' " (*Ibid*.; *Stamps*, *supra*, 9 Cal.5th at p. 701.) While the plea bargain does not divest the trial court of its inherent sentencing discretion, " ' " 'a judge who has accepted a plea bargain is bound to impose a sentence within the limits of that bargain.' " ' " (*Sallee*, at p. 338; *Stamps*, at p. 701; *People v. Segura* (2008) 44 Cal.4th 921, 931; see § 1192.5, subd. (b) [when a "plea is accepted by the prosecuting attorney in open court and is approved by the court, … the court may not proceed as to the plea other than as specified in the plea"].) "Thus, when the defendant and the prosecutor agree that a specified sentence will be imposed, the court does not exercise discretion within a range of otherwise permissible sentences, but rather imposes the agreed-upon sentence." (*Sallee*, at p. 338; see *People v. French* (2008) 43 Cal.4th 36, 49.)

Here, the trial court originally imposed a stipulated sentence pursuant to a negotiated plea agreement. In so doing, the court's discretion was limited to approving or rejecting the bargain. (See *Stamps*, *supra*, 9 Cal.5th at pp. 701, 709; *Sallee*, *supra*, 88 Cal.App.5th at p. 338, review granted.) The court did not exercise discretion to select between the lower, middle, or upper term. Indeed, once the court accepted the terms of the negotiated plea, it was not authorized to modify the terms of the agreement by exercising discretion as to the sentencing triad, while leaving the plea agreement otherwise intact. (See *Sallee*, at p. 338; *Stamps*, at p. 701; *People v. Segura*, *supra*, 44 Cal.4th at p. 931.) Thus, section 1170, subdivision (b), which governs the court's exercise of discretion about a sentencing triad, does not apply to defendant's plea agreement. (See § 1170, subd. (b)(1), (2); *Sallee*, at p. 338; accord, *People v Mitchell*, *supra*, 83 Cal.App.5th at pp. 1057–1058, 1059, review granted [holding "[t]he trial court … did not exercise any discretion under former section 1170, subdivision (b) in selecting the lower, middle, or upper term," where the court sentenced the defendant pursuant to an agreed-upon term pursuant to a stipulated plea].) Therefore, the court did not err in reimposing the upper term in count 1.

## DISPOSITION

The judgment is affirmed.